COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

TAMARA DAWN SHELLEY,                             )

                                                                              )              
No.  08-02-00031-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )     County Criminal District Court #4

THE STATE OF TEXAS,                                     )

                                                                              )           
of Dallas County, Texas

Appellee.                           )

                                                                              )             
(TC# MA0125007-E)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Tamara
Dawn Shelley, appeals her conviction for tampering with a government
record.  She was tried before the court,
found guilty, and sentenced to 90 days in jail, probated for 6 months.  The court also assessed a fine of $500 and
ordered her to perform 100 hours of community service.  We affirm.








Appellant wanted
to be a concealed weapon permit instructor. 
In order to obtain such a permit, one must complete a course with a
certified instructor and submit an application to the Department of Public
Safety.  See Tex.Gov=t Code Ann. '
411.174 (Vernon Supp. 2003).  The
application requires a complete set of an applicant=s
fingerprints.  See Tex.Gov=t Code Ann. ' 411.174(a)(5).  Appellant wanted to be able to take
fingerprints of her clients to assist in the application process.  Texas law allows private instructors to
provide this service to clients if the instructor has been Adesignated by a law enforcement agency
as an entity qualified to take fingerprints of an applicant for a license.@ 
See Tex.Gov=t Code Ann. '
411.174(a)(5). 

According to her
statement entered into evidence at trial, Appellant was unable to find an agency
willing to send the proper documentation to the Department of Public Safety
designating her as qualified to take prints. 
She claimed a Dallas police officer had given her training, but was
unwilling to complete the proper paper work. 
Appellant decided to create the paper work herself.  She had received a letter from the Farmers
Branch Police Department on another matter. 
She scanned the letterhead into her computer and created a letter which
purported to be from the Police Department indicating she was qualified to take
fingerprints.  Appellant sent this letter
to the Department of Public Safety as proof of her qualifications and requested
the necessary materials to fingerprint her clients.

Upon receipt of
the letter, the Department of Public Safety contacted the Farmers Branch Police
Department and discovered that the document was fraudulent.  The document was turned over to the police
department for investigation.  The investigator
contacted Appellant and Appellant voluntarily gave a written statement
confessing what she had done.  Appellant
was charged by information with tampering with a governmental record.  

A bench trial was
held.  The State called four witnesses
and entered four documents into evidence: 
the document at issue, a handgun permit, Appellant=s voluntary statement, and Appellant=s application to be an instructor.  The defense essentially conceded Appellant
created the document.  No witnesses were
called on behalf of the defense.  








In closing
argument, defense counsel argued that the statutory defense included in
Section 37.10 applied to the case. 
He argued the purpose of requiring the documentation was to ensure those
individuals or entities taking fingerprints were competently trained.  He maintained Appellant had received proper
training and knew how to take good prints. 
Thus, he reasoned the false document could have no effect on the
government=s purpose
for requiring the record.  In rebuttal,
the State noted the defense provided no evidence that Appellant was certified
to take fingerprints.  Ultimately, the
trial court found Appellant guilty.

On appeal,
Appellant now challenges the legal sufficiency of evidence supporting the
guilty verdict.  However, she effectively
admits she created and presented a false document with the intent that it be
taken as a genuine governmental record. 
Thus, her challenge is predicated on the contention that her actions fall
under the statutory defense.  








In reviewing the
legal sufficiency of evidence in a criminal case, we view all evidence in the
light most favorable to the prosecution. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560 (1979); Geesa v. State, 820 S.W.2d 154 (Tex.Crim.App.
1991).  We do not look to whether the
State presented evidence that refuted an appellant=s
defensive evidence.  Saxton v. State,
804 S.W.2d 910, 914 (Tex.Crim.App. 1991). 
Instead, we must determine whether there was legally sufficient evidence
to allow the fact finder to find the essential elements of the offense beyond a
reasonable doubt and also to find against the appellant on the defensive
theories beyond a reasonable doubt.  Adelman
v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Saxton, 804
S.W.2d at 914.  The trier of fact, not
the appellate court, is charged with deciding whether an appellant=s actions are justified under the Penal
Code.  Adelman, 828 S.W.2d at
421.  In so doing, the trier of fact is
free to accept or reject all or any portion of any witness=s testimony.  Adelman, 828 S.W.2d at 421.

The offense of
tampering with a government record is recognized in the Texas Penal Code
Section 37.10.  In this case, Appellant
was convicted under Section 37.10(a)(2) which provides:

(a)        A person commits an offense if he:

 

.               .               .

 

(2)        makes, presents, or uses any record,
document, or thing with knowledge of its falsity and with intent that it be
taken as a genuine governmental record;

 

Tex.Pen.Code
Ann. '
37.10(a)(2)(Vernon Supp. 2003).  The
Legislature has also provided a statutory defense for this offense under
Section 37.10(f).  This subsection
states:

(f)         It is a defense to prosecution under
Subsection (a)(1), (a)(2), or (a)(5) that the false entry or false information
could have no effect on the government=s
purpose for requiring the governmental record.

 

Tex.Pen.Code
Ann. '
37.10(f).  Thus, the elements of the
statutory defense are twofold:  (1) proof
of the government=s purpose
for requiring the governmental record; and (2) proof that the false document
could have no effect on the purpose.  See
id.








In this case, the
governmental record at issue is the false letter created by Appellant and
presented to the Department of Public Safety. 
Appellant used the record to falsely assert that she had been designated
by the Farmers Branch Police Department as qualified to take fingerprints of
concealed handgun license applicants. 
Appellant contends the statutory defense applies in this instance.  In reaching this conclusion she relies on two
assertions.  First, she asserts the
purpose of the record at issue is to insure the fingerprints of an applicant
are taken by a trained individual so that they can be used reliably for
identification.  Second, she asserts she
actually received the necessary training and is qualified to take the
fingerprints.  Based on these two
assertions, Appellant argues the false letter had no effect on the government=s purpose for requiring the record.

Very little
evidence supports Appellant=s
defensive theory and the assertions upon which it is based.  There was some testimonial evidence regarding
the purpose of the required documentation that was falsified by Appellant.  On cross-examination, defense counsel
questioned Carolyn Roepke, an employee with the Texas Department of Public
Safety, about the Department=s
policy requiring a letter to be sent by a law enforcement agency before
allowing a private instructor or entity to record an applicant=s fingerprints for a concealed handgun
license.  The following exchange took
place between Ms. Roepke and defense counsel:

Defense:           But the statute does not explain the
designation, does it?

 

Witness:           (No response indicated.)

 

Defense:           I mean it does not say that they have
to have a document in writing from the law enforcement agency?

 

Witness:           That=s
the only way we would know that they have been through a law enforcement
entity, because the information has to come to us on a law enforcement agency
letterhead signed by the designated person.

 

Defense:           But I want to be clear about this; I
think that that=s a
policy that the Texas Department of Public Safety B
you work for the Texas Department of Public Safety?   

 

Witness:           Yes.

 

Defense:           That the Texas Department of Public
Safety has imposed as a way of applying this rule?     

 

Witness:           Right.

 








Defense:           The rule does not specifically say
that they have to have a letter from a law enforcement agency on that law
enforcement agency=s
letterhead?      

 

Witness:           But they have to be designated by --

 

Defense:           It does say they have to be
designated, I just want to make it clear that that is all the rule says?

 

Witness:           Right.  But in order for us to know that, it has to
come on law enforcement agency letterhead.

 

Defense:           Theoretically, you could have
somebody from law enforcement stand up and say under oath >I designate this individual as
somebody who has received training from me and is qualified to take
fingerprints.=

 

State:                Pardon me.  I object to the relevancy at this point.

 

Court:               Overruled.

 

Defense:           I mean that would constitute a
designation.  But that=s not the policy of the Texas
Department of Public Safety, correct?   

 

Witness:           It is a policy that we have to have
something on the law enforcement agency=s
letterhead, signed by an officer or chief of police from that police
department, saying that that person has gone through their training or them
showing how they can do fingerprints. 
That they can do readable, classifiable fingerprints.  That is our way of knowing that they have
gone through a law enforcement agency.

 

Defense:           Okay. 
And, obviously, the purpose of this requirement of the Texas
Concealed Handgun Law is that you have readable, accurate fingerprints,
correct?

 

Witness:           Yes.

 

Defense:           And that the people who are taking
these fingerprints have, in fact, received training to take the fingerprints?   

 

Witness:           Yes.








Defense:           That=s
all I have.  [Emphasis added].

 

This was the only evidence related
to the government=s purpose
for requiring the governmental record that had been falsely created and presented
by Appellant.

Even assuming this
testimony constitutes adequate proof of the government=s
purpose for requiring the governmental record, there must also be proof that
the false document could have no effect on this purpose.  Appellant asserts she was trained and
qualified to take fingerprints, and merely lacked the required documentation so
attesting.  The only evidence supporting
this assertion was Appellant=s
own statement given to the police and admitted into evidence at trial.  In the statement, she asserts she received
training to take fingerprints.  The
statement does not specifically identify who gave her the training.  Nothing else in the record corroborates the
training occurred.  Moreover, nothing in
the record establishes her ability to take readable, accurate
fingerprints.  Appellant=s written statement only provides an
unsupported assertion of her qualification. 
It is unclear that this evidence even raises the defensive issue, but
even assuming the statutory defense is raised, a rational trier of fact could
have found against the defendant on the defensive issue beyond a reasonable
doubt.  Saxton, 804 S.W.2d at 914.








The trial judge,
as trier of fact in this case, implicitly rejected Appellant=s defense by finding Appellant guilty.  Adelman, 828 S.W.2d at 422; Jenkins v.
State, 740 S.W.2d 435, 438 (Tex.Crim.App. 1983).  It is now our duty to determine if the
explicit and implicit findings of the trial judge are rational under legal
standards to support the conviction.  Adelman,
828 S.W.2d at 422.  After reviewing all
of the evidence in the light most favorable to the implicit rejection of
Appellant=s
defense, we find the evidence to be legally sufficient to allow the trier of
fact to find the essential elements of the offense beyond a reasonable doubt
and also to find against Appellant on the statutory defense beyond a reasonable
doubt.  Id.

Appellant=s issue on appeal is overruled.  The judgment of the trial court is affirmed.

 

 

 

 

December
12, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 5

McClure, J., Chew, J., and Hill, C.J. (Ret.)

Hill, C.J. (Ret.)(Sitting by Assignment)

 

(Do Not Publish)